STATE OF WEST VIRGINIA

MARIA MARINO POTTER,
Respondent below, Petitioner

FILED

May 27, 2014

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.) No. 13-0708 (Kanawha County 05-D-618)

JAY M. POTTER,
Petitioner below, Respondent

## MEMORANDUM DECISION

Maria Marino Potter (hereinafter "Wife") appeals and Jay M. Potter (hereinafter "Husband") cross-appeals from the Kanawha County Circuit Court's June 3, 2013, order. By that order, the circuit court affirmed, in part, and reversed, in part, the family court order entered December 15, 2010. Based upon the parties' written briefs and oral arguments, the appendix record designated for our consideration, and the pertinent authorities, we determine that the circuit court committed no prejudicial error, and its order is affirmed. This Court further finds that this case presents no new or significant questions of law; therefore, it will be disposed of through a memorandum decision as contemplated under Rule 21 of the Revised Rules of Appellate Procedure.

This case has a lengthy history. A brief recitation of the facts relevant to the current case is as follows. Wife and Husband were married on May 31, 1980, in Monongalia County, and Husband filed for divorce on March 22, 2005. In 2007, Husband moved for a bifurcated divorce on the grounds of marital separation of more than two years. The motion was denied, and the parties were ordered to mediation, which was conducted, without successful resolution, on November 16, 2007. On May 5, 2008, Husband was granted a bifurcated divorce on the grounds of irreconcilable differences. The divorce subsequently was voided in early 2009. Later, in July 2009, the case was reassigned to a different family court judge.[1]

The final hearings before the family court were held on March 23, 2010; May 20, 2010; and May 26, 2010; resulting in a final order being entered on December 15, 2010. The family court order divided the marital property that was still at issue at the time of the

---

[1]The initial family court judge perceived Wife as untruthful to the court. Accordingly, the judge recused himself after indicating he could no longer rule objectively.

final hearing, which included retirement accounts, certain personal property, and the marital home.

Both parties appealed to the circuit court, which ultimately entered its final order on June 3, 2013. The circuit court denied all of Wife's grounds for appeal. In regard to Husband's appeal, his motion for attorney's fees was denied. Issues of homeowner's insurance and real estate taxes, as well as equitable distribution changes reflecting the difference in value of the parties' vehicles, were decided in Husband's favor. Wife appealed to this Court, and Husband cross-appealed.

The standard of review with which we approach this matter has been explained as follows:

> "In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

Syl. pt 1, *Staton v. Staton*, 218 W. Va. 201, 624 S.E.2d 548 (2005). *See also* Syl. pt. 2, *Lucas v. Lucas*, 215 W. Va. 1, 592 S.E.2d 646 (2003) ("In reviewing challenges to findings made by a family court judge that also were adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review."). Mindful of these standards, we proceed to consider the parties' arguments.

On appeal to this Court, Wife sets forth the following alleged errors committed by the circuit court: (1) denial of procedural and substantive due process in the manner of conducting the final hearings through conversations and inquiries of the parties; (2) failure to comply with Rule 52(a) of the West Virginia Rules of Civil Procedure; (3) disregard of the parameters of appellate review imposed under W. Va. Code § 51-2A-14 (2005) (Repl. Vol. 2008); (4) failure to achieve equitable distribution of the marital estate as contemplated by West Virginia Code § 48-7-105 (2001) (Repl. Vol. 2009); (5) erroneous valuation of each vehicle; (6) permitting Husband to preclude credit/reimbursements for servicing marital debt and preserving the marital estate solely from Wife's separate funds; and (7) allowance of the entry, by the family court, of a proposed order from a party. Husband agrees with the circuit

court's findings with one exception. To that end, Husband cross-assigns error and argues that he was entitled to a hearing on attorney's fees.

While Wife creates numerous variations and convolutions of the asserted errors, her arguments, in essence, fall into two basic categories:[2] (1) equitable distribution and (2) credits for interim payments of marital debt. *See Conrad v. Conrad*, 216 W. Va. 696, 612 S.E.2d 772 (2005) (per curiam). It is well settled that, in a divorce proceeding, subject to some limitations, all property is considered marital property and should be equally distributed.

> W. Va. Code, 48-2-1(e)(1) (1986) [W. Va. Code § 48-1-233 (2001) (Repl. Vol. 2004)], defining all property acquired during the marriage as marital property except for certain limited categories of property which are considered separate or nonmarital, expresses a marked preference for characterizing the property of the parties to a divorce action as marital property.

Syl. pt. 3, *Whiting v. Whiting*, 183 W. Va. 451, 396 S.E.2d 413 (1990). Additionally, to equalize the marital estate,

> [r]ecoupment of payment of marital debt by one party prior to the ultimate division of marital property has often been permitted upon a final equitable distribution order. *See Jordan*

---

[2]Wife attempts to create a constitutional argument by asserting a lack of due process in the manner in which the final hearings were conducted in family court. However, while the method of taking evidence through a colloquy between all persons present at the hearing may be unorthodox, it comported with due process requirements in that all parties had proper notice and were afforded an opportunity to be heard on the issues. Syl. pt. 2, *Simpson v. Stanton*, 119 W. Va. 235, 193 S.E. 64 (1937) ("The due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard."). In essence, an examination of Wife's arguments in this regard reveals that her arguments can be pared down to evidence and valuation issues, which, again, fall into the two categories listed above: equitable distribution and *Conrad* credits.

Further, Wife's other assignments of error challenging the contents of the family court order, the parameters of the circuit court's appellate review, and the family court's decision to enter an order drafted by a party, are wholly without merit.

*v. Jordan*, 192 W. Va. 377, 452 S.E.2d 468 (1994) (final allocation of marital debt permitted husband to recoup his expenses related to the marital home); *Kapfer v. Kapfer*, 187 W. Va. 396, 419 S.E.2d 464 (1992) (the parties agreed to allow husband to recoup from home sale all mortgage principal he paid on marital home after date of separation).

*Conrad*, 216 W. Va. at 702, 612 S.E.2d at 778.

In the present case, Wife contends issues with the equitable distribution and *Conrad* credits in the valuation of retirement accounts, jewelry, railroad negatives, and vehicles. A review of the appendix record demonstrates that evidence regarding jewelry and railroad negatives had been submitted and, the issues were resolved previously through the parties' agreements and lower court orders. Further, both parties participated in "defined contribution" retirement plans, to which certain amounts are invested and the value of the account varies, over time, because of contributions and earnings. Because the value of Husband's accounts exceeded the value of Wife's accounts, the lower courts ruled that the accounts should be equalized by transferring monies from one of Husband's accounts to one of Wife's accounts. Because of the nature of this defined contribution account, such a decision was equitable to both parties. In reference to the valuation of the vehicles, the family court ruled that the automobile that each party was driving became that party's property. Under the principle of equitable distribution, this equated to a ruling that both vehicles were of equal value. As this was an abuse of discretion, the circuit court properly affixed a value to each car based on blue book estimations. The circuit court, upon its review of the case, identified mathematical errors in the family court's order and corrected them. The findings are supported by the evidence. Therefore, based on the applicable standard of review, the circuit court's order should be affirmed, and Wife's requests on appeal to this Court are denied.

Finally, we address Husband's cross-appeal requesting that he be awarded his attorney's fees or, at the least, that he be afforded a hearing to determine whether an award of attorney's fees is warranted. At the conclusion of the final hearing, the court ordered that both parties be held responsible for their own fees. We are mindful that,

> [i]n divorce actions, an award of attorney's fees rests initially within the sound discretion of the family law [judge] and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family law master should consider a wide array of factors including the party's ability to pay his or her own fee, the

4

beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request.

Syl. pt 4, *Banker v. Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996). We find that there was no abuse of discretion in denying Husband's request for attorney's fees. Thus, there is no right to a hearing on the amount or reasonableness of fees that have been refused, and Husband's request for the same is denied.

For the foregoing reasons, we affirm the Kanawha County Circuit Court's June 3, 2013, order, which affirmed, in part, and reversed, in part, the family court order entered December 15, 2010.

Affirmed.

**ISSUED:** May 27, 2014

**CONCURRED IN BY:**
Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II